MARCOTTE v. SHERIDAN.

(Supreme Court, Appellate Term.   January 17, 1905.)

1. TRIAL—PREPONDERANCE OF EVIDENCE—BURDEN OF PROOF.
        A plaintiff assumes the burden of establishing his complaint by a pre-
     ponderance of evidence.

2. SAME—PREPONDERANCE OF EVIDENCE—PREPONDERANCE OF WITNESSES.
        A preponderance of evidence does not mean merely a preponderance
     of witnesses.

3. SAME—LANDLORD AND TENANT—LEASE FOR FIXED PERIOD—EVIDENCE OF
     EXISTENCE—SUFFICIENCY.
        In an action wherein plaintiff claimed that defendant had leased cer-
     tain rooms of plaintiff for a fixed period, evidence held insufficient to
     show such an agreement made.

Appeal from Municipal Court, Borough of Manhattan, Tenth Dis-
trict.

Action by Eugene Marcotte against Greenleaf K. Sheridan. From a
judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Lawrence & Hughes, for appellant.
Earl A. Bowman, for respondent.

PER CURIAM. Although we are reluctant to reverse judgments
upon the sole ground that they appear to us to be against the weight of
the evidence, we are convinced that justice requires that this case be
remitted to the Municipal Court for rehearing and reconsideration.
The plaintiff necessarily assumed the burden of establishing his com-
plaint by a preponderance of evidence, by which, of course, is not meant
merely a preponderance of witnesses. The only evidence of a contract
for a year's hiring is that of plaintiff's assignor, and upon his version
of the conversation with defendant a judgment for plaintiff must rest.
Apart from the fact that his version of the conversation on the vital
question of a lease for a year is flatly contradicted, it does not seem
to us that his own version, standing by itself, is convincing or probable.
His statement is that defendant expressly and emphatically declared that
he had never made a lease in his life, and would not make a lease; that
he had gone to another hotel for a short time, and had staid for 17

¶ 2. See Evidence, vol. 20, Cent. Dig. § 2450.

years; that he did not propose to come to plaintiff's assignor's hotel for a year, but was coming to stay—the whole conversation up to this point indicating and expressing a determination not to be bound by an agreement for any fixed period, coupled with an intention of staying on indefinitely. Yet the witness would have it understood that in the very next breath defendant definitely agreed to take the rooms for a fixed period. This conversation took place a year and a half ago, and it is quite possible that plaintiff's assignor may not have accurately recalled the precise language used by himself and defendant, and yet plaintiff's whole case rests upon the assumption that the witness correctly recollects and has testified to the exact words used by himself and defendant in two or three sentences out of a somewhat protracted conversation. It is equally possible that when defendant said, "Well, we will call that closed," he did not understand or appreciate that he was replying to a proposition for a letting for a definite period. On the whole, we think that the judgment should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and a new trial granted, with costs to abide the event.